# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

Courtney Ragin Franklin,

    Debtor.

NO. 18-14959-AMC

CHAPTER 13

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the Debtor Courtney Ragin Franklin (hereinafter **"Debtor"**) and the Pennsylvania Housing Finance Agency (hereinafter **"PHFA"**) to resolve Debtor's Motion for Sanctions for Failure to Comply with Rule 3002.1 as follows:

1. Debtor filed her Chapter 13 petition on July 27, 2018.

2. PHFA is the holder of a secured claim of $118,009.47 against Debtor's residential real property located at 726 S. 55th Street, Philadelphia, PA 19143.

3. Debtor filed an amended plan that provided for the pre-petition arrearage portion of PHFA's secured claim which was $19,300.23.

4.. The plan was confirmed on December 19, 2018.

5. The Chapter 13 trustee filed a Notice of Final Cure on September 26, 2023.

6. PHFA did not file a Response to Notice of Final Cure in this Chapter 13 case within the 21 days set forth in Rule 3002.1(g) of the Federal Rules of Bankruptcy Procedure.

7. On October 19, 2023, a discharge Order was entered by this Honorable Court pursuant to 11 U.S.C. § 1328(a).

8. PHFA sent an Act 91/Act 6 combined Notice of Intent to Foreclose on October 23, 2023, based on alleged post-petition arrearages totaling $7,423.59.

9. Based upon its failure to file a Response to Notice of Final Cure in this case, PHFA agrees to rescind the Notice of Intent to Foreclose and not take any action based upon any pre-discharge

default on the Mortgage and Note including any regarding the Debtor's residence due to not filing a Response to Notice of Final Cure in this Chapter 13 case.

10. Based upon its failure to file a response to Notice of Final Cure or Notice of Postpetition Mortgage Fees and Expenses and Charges pursuant to Rule 3002.1(c) of the Federal Rules of Bankruptcy Procedure during the term of the bankruptcy (excepting that filed on 2/11/19 for $885.00) PHFA agrees said fees are not allowable and PHFA may not take any action against the debtor based upon any pre-discharge fees and expenses not so disclosed.

11. The provisions of this stipulation do not constitute a waiver of PHFA to take exercise a default based on any post-discharge default based upon the Mortgage and Note securing the Debtor's residence, namely, any default on the aforesaid Mortgage and Note that occurred after the discharge date of October 19, 2023.

12. The parties agree that a facsimile signature or scanned signature shall be considered an original signature.

Date: January 9, 2024
/s/ Mark A. Cronin, Esquire
Mark A. Cronin, Esquire
Attorney for Pennsylvania Housing
Finance Agency

Date: January 9, 2024
/s/ Robert D. Steinberg, Esq.
Robert D. Steinberg, Esquire
Attorney for Debtor

Approved and so ordered by the Court this __11th__ day of __January__, 2024.

Ashely M. Chan
United States Bankruptcy Judge